IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARGARETRETO WIMBERLEY, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:14-CV-69-CDL-MSH |
| CONDOLEEZZA RICE | : | |
| Defendant. | : | |

### ORDER GRANING IFP
### AND REPORT AND RECOMMENDATION

Plaintiff Margaretreto Wimberley brings this action against former Secretary of State Condoleezza Rice. Although unclear, she may also be asserting claims against "Retired President George W. Bush, Jr.," General Colin Powell, Michael Jordan, Michael Vick, Oprah Winfrey, and President Barack Obama. Along with the filing of her Complaint, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2). For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. Since the Court is granting Plaintiff's motion to proceed IFP, the Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends dismissal of Plaintiff's claims.

### BACKGROUND

Plaintiff filed her Complaint on March 7, 2014. (ECF No. 1.) To the best the Court can ascertain, Plaintiff claims that an investigation or scheme was hatched between Ms. Rice and at least one unnamed state official/employee of the White House whereby

Plaintiff was surveilled at her home including the use of a "bugg" (presumably a concealed recording device). Plaintiff was also drugged and taken from jail to meet with Ms. Rice. (Compl. 1.) Plaintiff further claims that the incident caused her to be on "life supports" which Ms. Rice has concealed from Plaintiff. (*Id*. at 1-2.) Finally, Plaintiff claims that Ms. Rice was involved in causing an illegal marriage of Plaintiff to an unnamed overseas King. (*Id*.)

Plaintiff requests that the Court order Ms. Rice to give her the names of those involved in the scheme so that they can be prosecuted and to arrange for Ms. Rice to help her get a settlement with the U.S. government in reparations for these illegal activities. Plaintiff also seeks to have the Government tell her the location of her life supports and medical records so that she "can get more disability money." (*Id*. at 2.)

## DISCUSSION

I.  **Motion to Proceed IFP**

Plaintiff moves to proceed in this action IFP. (ECF No. 2.) 28 U.S.C. § 1915 provides that a court may authorize a person who is unable to pay court fees to proceed in her action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). Furthermore, 42 U.S.C. § 2000e-5(f)(1) provides that "in such circumstances as the court may deem just, the court . . . may authorize the commencement of the action without the payment of fees, costs, or security." Plaintiff has established that she is indigent for the purpose of 28 U.S.C. § 1915. Therefore, her

motion to proceed IFP is granted.

## II.     Review pursuant to 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (internal quotation marks and citation omitted). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Despite giving the Plaintiff the benefit of the doubt as a *pro se* litigant, the Court cannot interpret Plaintiff's Complaint as arising under a sustainable legal theory. *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that *pro se* pleadings are to be construed liberally). Here, Plaintiff has stated that she asserts claims under 18 U.S.C. §§ 241, 242, and 249. However, the Court is at a loss as to how to interpret Plaintiff's Complaint such that it would give rise to a viable federal civil cause of action against the Defendant under any of these statutes. Each of the statutes cited by Plaintiff is a criminal statute that provides no private right of action. *See e.g., Shahin v. Darling*, 606 F. Supp. 2d 525, 531 n.7 (D. Del. 2009); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

Furthermore, Plaintiff has failed to allege any facts which, even if proven true,

would entitle her to some legal relief against Defendant.  Plaintiff has also failed to allege that this Court has jurisdiction over her claims, and it is entirely unclear from her Complaint whether such jurisdiction exists.  *See* 28 U.S.C. §§ 1331, 1332.  Consequently, Plaintiff's Complaint should be dismissed as frivolous.

### III. Notice to Plaintiff

This case marks the sixth action filed in this Court by Plaintiff Margaretreto Wimberley.  *See Wimberly v. Bush*, 4:10-cv-58 (M.D. Ga. 2010); *Wimberly v. Jones et al.,* 4:12-cv-46 (M.D. Ga. 2012); *Wimberly v. Jones et al.*, 4:12-cv-166 (M.D. Ga. 2012); *Wimberly v. Jordan et al.*, 4:13-cv-444 (M.D. Ga. 2013); *Wimberly v. Broadus*, 4:14-cv-70 (M.D. Ga. 2014).   With the exception of one action which was voluntarily dismissed and later re-filed, each case has been dismissed as frivolous, for failure to state a claim upon which relief could be granted, or for lack of jurisdiction.  Plaintiff is hereby notified that another action filed on her behalf and dismissed in a similar manner will cause her to be classified by this Court as a litigious filer, and any later action that she attempts to file will first be screened by the Court for frivolity and, if found frivolous, returned to Plaintiff without filing.

### CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 2) is granted.  Furthermore, it is recommended that Plaintiff's Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 13th day of March, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE